# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SEAN DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-19-198-STE ) |
| ANDREW SAUL,<br>Commissioner of the<br>Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

## I.     PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration (SSA) denied Plaintiff's applications for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 12-25). The Appeals Council denied

Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ determined that Plaintiff had engaged in substantial gainful activity during certain periods, but had not engaged in substantial gainful activity during a continuous 12-month period. The ALJ considered only the periods during which Plaintiff had not engaged in substantial gainful activity. (TR. 15). At step two, the ALJ determined that Plaintiff had the following severe impairments: amputated great toe on the right foot, diabetes mellitus, arthropathies, chronic lymphocytic leukemia, obesity, depression, and anxiety. (TR. 15). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 16).

At step four, the ALJ concluded that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work with specified additional mental abilities and limitations, but finding "no other physical or mental limitations or restrictions." (TR. 18). Applying SSA policy, the ALJ made no finding regarding Plaintiff's past relevant work. (TR. 23).

The ALJ then proceeded to make findings at step five. The ALJ consulted with a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. Given the limitations presented by the ALJ, the VE

identified seven sedentary, unskilled jobs from the Dictionary of Occupational Titles (DOT). (TR. 23-24). Relying upon the testimony of the VE, the ALJ concluded that Plaintiff was not disabled based on his ability to perform the identified jobs. (TR. 24).

### III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficient evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019) (internal citation, alteration, and quotation marks omitted). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

### IV. ISSUES PRESENTED

On appeal, Plaintiff alleges the ALJ (1) improperly considered the opinion of Plaintiff's treating physician, and (2) failed to properly consider Plaintiff's need to elevate his feet. (ECF No. 14:4-15).

## V. ANALYSIS

### A. *The ALJ erred in accepting certain limitations but then omitting them from the RFC without explanation.*

Within both sections of Plaintiff's brief is the argument that the ALJ erred in only limiting Plaintiff to sedentary work without including additional restrictions for limitations the ALJ accepted – specifically limitations for elevating Plaintiff's feet, as well as staying off of his feet and using assistive devices. (ECF No. 14:11-12, 14-15). The Court agrees. In his decision, the ALJ acknowledged Plaintiff's testimony that "he elevates his feet for a couple of hours daily." (TR. 21). Finding that the record "partially supports" Plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms, the ALJ accepted Plaintiff's testimony regarding elevating his feet, stating that it "suggests that [Plaintiff] will have difficulty returning to a job involving prolonged standing and walking" and finding, therefore, "that sedentary work is appropriate for [Plaintiff's] medical conditions." (TR. 19; TR. 21 (applying the factors for assessing the RFC in light of a claimant's symptoms set forth in SSR 16-3p, 2017 WL 5180304 (applicable Mar. 28, 2016))). But while the need to elevate his feet does suggest that Plaintiff would have difficulty with prolonged standing and walking, it also suggests that Plaintiff would actually need to elevate his feet, yet there is no limitation in the RFC reflecting Plaintiff's need to do so. *See* TR. 18 (RFC for sedentary work with "no other physical . . . limitations or restrictions"). Nor did the ALJ explain the resulting inconsistency.

An ALJ must explain the resolution of any material evidentiary inconsistencies or ambiguities in assessing an RFC. SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Here, because the ALJ accepted Plaintiff's testimony regarding the need to elevate his feet, but

did not explain why he did not include such a limitation in the RFC, the ALJ's decision to omit the limitation from the RFC was flawed.

The ALJ also gave partial weight to the statement from Mark Randel, M.D., Plaintiff's treating physician. (TR. 21). The ALJ discounted certain portions of Dr. Randel's statement, but determined "[n]onetheless, Dr. Randel's statement is consistent with the finding of sedentary work because he advised [Plaintiff] to stay off of his feet and use the assistive devices provided him." (TR. 22, citing TR. 1206). Again, however, while the portion of Dr. Randel's statement that the ALJ accepted may be consistent with sedentary work, it also indicates that Plaintiff would need to actually stay off of his feet and use assistive devices, yet there are no limitations in the RFC for such restrictions. See TR. 18 (RFC for sedentary work with "no other physical . . . limitations or restrictions"). Nor did the ALJ explain the resulting inconsistency.

Again, an ALJ must explain the resolution of any material evidentiary inconsistencies or ambiguities in assessing an RFC. SSR 96-8p, 1996 WL 374184, at *7. Here, because the ALJ accepted the evidentiary support for limitations on Plaintiff's need to stay off his feet and use assistive devices, but did not explain why he did not include such limitations in the RFC, the ALJ's decision to omit the limitations from the RFC was flawed.

Defendant offers explanation for the ALJ's determination to omit the accepted limitations from the RFC, but the ALJ himself did not offer those explanations and the Court cannot rely on explanations the ALJ did not provide. *See Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc

rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."). And though Defendant is correct that sedentary work is performed primarily seated, such description does not address a worker's need to elevate his feet, stay off of his feet, or use assistive devices. *See* 20 C.F.R. §§ 404.1567(a) (definition of sedentary work), 416.967(a) (same); *see also* SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996) (prescribing that an RFC should include the use of an assistive device if there is "medical documentation establishing the need" for the device and "describing the circumstances for which it is needed"); *cf. Rodriguez v. Berryhill*, CV-18-425-STE, 2018 WL 6834713, at *5 (W.D. Okla. Dec. 28, 2018) (reversing and remanding when ALJ assessed a sedentary RFC, but failed to account for plaintiff's need for an assistive device); *Crumb v. Berryhill*, CIV-17-354-STE, 2017 WL 5473924, at *2-5 (W.D. Okla. Nov. 14, 2017) (reversing and remanding ALJ's determination that plaintiff could do sedentary work when, among other things, ALJ failed to adequately consider plaintiff's claims that she needed to elevate her leg); *Caudillo v. Colvin*, CIV-15-761-M, 2016 WL 4531150, at *7 (W.D. Okla. Aug. 9, 2016), R&R, adopted 2016 WL 4532338 (W.D. Okla. Aug. 29, 2016) (reversing and remanding when ALJ determined plaintiff could perform sedentary work and VE testified that plaintiff's need to elevate leg precluded sedentary work "without some type of accommodation," but ALJ failed to consider evidence that plaintiff must elevate her leg).

On remand, the ALJ should consider the evidence of Plaintiff's need to elevate his feet, stay off of his feet, and use assistive devices, and to the extent he rejects significant evidence of such limitations, explain the basis for doing so. Further, to the extent the ALJ

accepts such limitations but declines to include them in the RFC, the ALJ should explain the basis for doing so.

### B. *Plaintiff's Remaining Claims of Error*

The Court does not address Plaintiff's other allegations as they "may be affected by the ALJ's treatment of the case on remand." *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

### ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on this review, the Court **REVERSES AND REMANDS** the Commissioner's decision for further administrative development.

ENTERED on October 16, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE